UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JULIO VASQUEZ LUGO

                    Plaintiff,

    v.

NANCY A. BERRYHILL,[1] Commissioner of
Social Security,

                    Defendant.

**DECISION
and
ORDER

16-CV-00632-LGF
(consent)**

---

APPEARANCES:        LAW OFFICES OF KENNETH R. HILLER
                          Attorneys for Plaintiff
                          TIMOTHY HILLER, of Counsel
                          6000 Bailey Avenue
                          Suite 1A
                          Amherst, New York 14226

                          JAMES P. KENNEDY, JR.
                          UNITED STATES ATTORNEY
                          Attorney for Defendant
                          VERNON NORWOOD
                          Assistant United States Attorney, of Counsel
                          Federal Centre
                          138 Delaware Avenue
                          Buffalo, New York 14202, and

                          STEPHEN P. CONTE
                          Regional Chief Counsel
                          United States Social Security Administration
                          Office of the General Counsel, of Counsel
                          26 Federal Plaza
                          Room 3904
                          New York, New York 10278

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn Colvin as the defendant in this suit. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On June 19, 2018, the parties consented, in accordance with a Standing Order (Dkt. No. 17), to proceed before the undersigned. (Dkt. No. 1-17). The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, filed by Plaintiff on February 15, 2017 (Dkt. No. 12), and by Defendant on May 17, 2017 (Dkt. No. 15). For the reasons discussed below, Plaintiff's motion is denied and the Commissioner's motion is granted.

## BACKGROUND and FACTS

Plaintiff Julio Vazquez Lugo ("Plaintiff"), brings this action pursuant to the Social Security Act ("the Act"), seeking review of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant") decision denying his application for disability benefits for Supplemental Security Income ("SSI") benefits under Title II of the Act. Plaintiff, born on April 7, 1954 (R. 129),[2] alleges that he became disabled on December 29, 2012, when he stopped working as a result of heart disease, diabetes, hypertension, arthritis, fibromyalgia, and depression.[3] (R. 154).

Plaintiff's application for disability benefits was initially denied by Defendant on May 24, 2013 (R. 75), and, pursuant to Plaintiff's request, a hearing was held before Administrative Law Bruce R. Mazzarella ("Judge Mazzarella" or "the ALJ") on March 18,

---

[2] "R" references are to the page numbers of the administrative record electronically filed in this case for the Court's review. (Dkt. No. 7).
[3] Plaintiff's initial application for benefits did not indicate depression as a reason that Plaintiff was unable to work and was added as an impairment in Plaintiff's supporting papers.

2015, in Buffalo, New York, where Plaintiff, represented by Emily Janicz, Esq. ("Janicz"), appeared and testified. (R. 29-64). Vocational expert ("VE") Jay Steinbrenner also appeared and testified. (R. 64-67). The ALJ's decision denying Plaintiff's claim was rendered on June 17, 2015. (R. 8-17). Plaintiff requested review by the Appeals Council on August 7, 2015 (R. 27), and on June 15, 2016, the ALJ's decision became Defendant's final decision when the Appeals Council denied Plaintiff's request for review. (R. 1-4). This action followed on August 4, 2016, with Plaintiff alleging that the ALJ erred by failing to find him disabled. (Dkt. No. 1).

On February 15, 2017, Plaintiff filed a motion for judgment on the pleadings ("Plaintiff's motion"), accompanied by a memorandum of law (Dkt. No. 12) ("Plaintiff's Memorandum"). Defendant filed, on May 17, 2017, Defendant's motion for judgment on the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Dkt. No. 15) ("Defendant's Memorandum"). Oral argument was deemed unnecessary.

**DISCUSSION**

A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or the decision is based on legal error. *See* 42 U.S.C. 405(g); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence" means 'such relevant evidence as a reasonable mind might accept as adequate.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

## A. Standard and Scope of Judicial Review

The standard of review for courts reviewing administrative findings regarding disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the administrative law judge's findings are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence requires enough evidence that a reasonable person would "accept as adequate to support a conclusion." *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). When evaluating a claim, the Commissioner must consider "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability (testified to by the claimant and others), and . . . educational background, age and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)). If the opinion of the treating physician is supported by medically acceptable techniques and results from frequent examinations, and the opinion supports the administrative record, the treating physician's opinion will be given controlling weight. *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993); 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d). The Commissioner's final determination will be affirmed, absent legal error, if it is supported by substantial evidence. *Dumas,* 712 F.2d at 1550; 42 U.S.C. §§ 405(g) and 1383(c)(3). "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability insurance benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). If the claimant is engaged in such activity the inquiry ceases and the claimant is not eligible for disability benefits. *Id.* The next step is to determine whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities as defined in the applicable regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Absent an impairment, the applicant is not eligible for disability benefits. *Id.* Third, if there is an impairment and the impairment, or an equivalent, is listed in Appendix 1 of the regulations and meets the duration requirement, the individual is deemed disabled, regardless of the applicant's age, education or work experience, 20 C.F.R. §§ 404.1520(d) and 416.920(d), as, in such a case, there is a presumption the applicant with such an impairment is unable to perform substantial gainful activity.[5] 42 U.S.C. §§ 423(d)(1)(A) and 1382(c)(a)(3)(A); 20 C.F.R. §§ 404.1520 and 416.920. *See also Cosme v. Bowen*, 1986 WL 12118, at * 2 (S.D.N.Y. 1986); *Clemente v. Bowen*, 646 F.Supp. 1265, 1270 (S.D.N.Y. 1986).

However, as a fourth step, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional

---

[5] The applicant must meet the duration requirement which mandates that the impairment must last or be expected to last for at least a twelve-month period. 20 C.F.R. §§ 404.1509 and 416.909.

capacity" and the demands of any past work.  20 C.F.R. §§ 404.1520(e), 416.920(e).  If the applicant can still perform work he or she has done in the past, the applicant will be denied disability benefits.  *Id.*  Finally, if the applicant is unable to perform any past work, the Commissioner will consider the individual's "residual functional capacity," age, education and past work experience in order to determine whether the applicant can perform any alternative employment.  20 C.F.R. §§ 404.1520(f), 416.920(f).  *See also Berry,* 675 F.2d at 467 (where impairment(s) are not among those listed, claimant must show that he is without "the residual functional capacity to perform [her] past work").  If the Commissioner finds that the applicant cannot perform any other work, the applicant is considered disabled and eligible for disability benefits.  20 C.F.R. §§ 404.1520(g), 416.920(g).  The applicant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof on the final step relating to other employment.  *Berry,* 675 F.2d at 467.

In reviewing the administrative finding, the court must follow the five-step analysis and 20 C.F.R. § 416.935(a) ("§ 416.935(a)"), to determine if there was substantial evidence on which the Commissioner based the decision.  20 C.F.R. § 416.935(a); *Richardson*, 402 U.S. at 410.

### B.  Substantial Gainful Activity

The first inquiry is whether the applicant engaged in substantial gainful activity.  "Substantial gainful activity" is defined as "work that involves doing significant and productive physical or mental duties" done for pay or profit.  20 C.F.R. § 404.1510(a)(b).  Substantial work activity includes work activity that is done on a part-time basis even if it includes less responsibility or pay than work previously performed.  20 C.F.R. §

404.1572(a). Earnings may also determine engagement in substantial gainful activity. 20 C.F.R. § 404.1574. In this case, the ALJ concluded Plaintiff had not engaged in substantial gainful activity since December 29, 2012, Plaintiff's alleged onset date of disability. (R. 10). Plaintiff does not contest this finding.

C.     **Severe Physical or Mental Impairment**

The second step of the analysis requires a determination whether the disability claimant had a severe medically determinable physical or mental impairment that meets the duration requirement in 20 C.F.R. § 404.1509 ("§ 404.1509"), and significantly limits the claimant's ability to do "basic work activities." If no severe impairment is found, the claimant is deemed not disabled and the inquiry ends. 20 C.F.R. § 404.1420(a)(4)(ii).

The Act defines "basic work activities" as "abilities and aptitudes necessary to do most jobs," and includes physical functions like walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b) ("§ 404.1521(b)"), 416.921(b). The step two analysis may do nothing more than screen out *de minimus* claims, Dixon *v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995), and a finding of a non-severe impairment should be made only where the medical evidence establishes only a slight abnormality which would have no more than a minimal effect on the claimant's ability to work. *Rosario v. Apfel,* 1999 WL 294727, at *5 (E.D.N.Y. March 19, 1999) (quoting Social Security Ruling ("SSR") 85-28, 1985 WL 56856).

7

In this case, the ALJ determined that Plaintiff suffered from the severe impairments of history of myocardial infarction with five stent placements, fibromyalgia and obesity, and that Plaintiff's diverticulitis, depression, diabetes, leg neuropathy, and hypertension were not severe in accordance with 20 C.F.R. § 416.920a(d)(1). (R. 11). Plaintiff contends that the ALJ's step two findings are erroneous as the ALJ failed to consider Plaintiff's mental impairment a severe impairment in step two of the ALJ's disability analysis and to include such impairment throughout the remaining steps of the ALJ's disability determination. Plaintiff's Memorandum at 9-11. Defendant maintains that Plaintiff's depression did not result in additional limitations to Plaintiff's ability to perform basic work, and that the ALJ properly considered Plaintiff's depression using the special technique under 20 C.F.R. § 404.1520a.[6] Defendant's Memorandum at 13-14.

In this case, the ALJ properly considered Plaintiff's depression as a non-severe impairment under step two of the disability review analysis, because substantial evidence establishes that Plaintiff's depression did not significantly limit Plaintiff's ability to perform basic work activities. In particular, Plaintiff testified that he goes shopping once or twice weekly, does laundry, prepares meals (R. 164) reads, watches television, uses a computer, attends church, goes to the mall, and spends time with friends on a daily basis at home, in church and on his computer. (R. 166). Plaintiff's first report of

---

[6] 20 C.F.R. § 404.1520a requires ALJs to determine whether a disability claimant has a medically determinable impairment and to rate the degree of functional limitation that results from the impairment using four broad functional areas that include activities of daily living, social functioning, concentration, persistence or pace, and episodes of decompensation. *See Kohler v. Astrue,* 546 F.3d 260, 266 (2d Cir. 2008).

depression was on October 24, 2013, during a medication review completed by Alexander Glover, M.D. ("Dr. Glover"), with Cleve-Hill Family Health Center ("Cleve-Hill"), where Plaintiff reported feeling down, depressed or hopeless. (R. 296). Upon completing a Medical Report for Determination of Disability at the request of the Erie County Dept. of Social Services, Dr. Glover diagnosed Plaintiff with congestive heart failure ("CHF"), secondary to coronary artery disease, diabetes, hypertension, and left hip osteoarthritis but no diagnosis of depression. (R. 222). On February 23, 2015, Nurse Practitioner Robin LaRocque ("N.P. LaRocque"), completed an initial psychiatric evaluation at Lakeshore Behavioral Health and evaluated Plaintiff with a logical and linear thought process, good attention and concentration, grossly intact memory, and goal-directed thought content. (R. 369). The ALJ's finding that Plaintiff's depression was not severe enough to adversely affect Plaintiff's ability to perform basic work activities (*i.e.*, the ability to understand, carry out, remember simple instructions, and use judgment.) under step two of the sequential disability analysis is therefore supported by substantial evidence in the record, and Plaintiff's motion on this issue is thus without merit.

### D. <u>Listing of Impairments</u>

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal the criteria for disability under Appendix 1 of 20 C.F.R. Pt. 404, Subpt. P ("The Listing of Impairments"), specifically 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 4.04C ("§ 4.04C") (Coronary artery disease). (R. 12). Plaintiff does not contest this finding.

9

## E. Residual functional capacity

Once an ALJ finds a disability claimant does not have a severe medically determinable physical or mental impairment, 20 C.F.R. § § 404.1520(a)(4)(ii), that significantly limits the claimant's physical and mental ability to do work activities, *Berry*, 675 F.2d at 467, and the claimant is not able, based solely on medical evidence, to meet the criteria established for an impairment listed under Appendix 1, the burden shifts to the Commissioner to show that despite the claimant's severe impairment, the claimant has the residual functional capacity to perform alternative work, 20 C.F.R. § 404.1520(a)(4)(iv), and prove that substantial gainful work exists that the claimant is able to perform in light of the claimant's physical capabilities, age, education, experience, and training. *Parker*, 626 F.2d 225 at 231. To make such a determination, the Commissioner must first show that the applicant's impairment or impairments are such that they nevertheless permit certain basic work activities essential for other employment opportunities. *Decker v. Harris*, 647 F.2d 291, 294 (2d Cir. 1981). Specifically, the Commissioner must demonstrate by substantial evidence the applicant's "residual functional capacity" with regard to the applicant's strength and "exertional capabilities." *Id.* An individual's exertional capability refers to the performance of "sedentary," "light," "medium," "heavy," and "very heavy" work. *Decker*, 647 F.2d at 294.

In this case, the ALJ found that Plaintiff had the residual functional capacity to perform Plaintiff's past relevant work as a Director of Plant Operations. (R. 16). Plaintiff contends that the ALJ's residual functional capacity assessment of Plaintiff is not supported by substantial evidence because the ALJ failed to obtain a medical source statement from Plaintiff's treating physicians on Plaintiff's depression as required.

Plaintiff's Memorandum at 9-11.  Defendant maintains that the ALJ was not required to obtain a medical source statement from Plaintiff's treating physician as the ALJ applied the special technique required under 20 C.F.R. § 404.1520a, and that substantial evidence supports the ALJ's finding that Plaintiff, despite Plaintiff's alleged depression, was able to return to Plaintiff's past relevant work as a Director of Plant Operations.  Defendant's Memorandum at 13-18.

The Second Circuit caselaw does not always treat the absence of a medical source statement from a treating physician as fatal to an ALJ's determination.  See *Terrance v. Colvin*, 2017 WL 3393576, at *4 (W.D.N.Y. Aug. 8, 2017) (citing *Swiantek v. Commissioner of Social Security,* 588 Fed. App'x. 82, 84 (2d Cir. 2015) (summary order); (citing *Tankisi v. Commissioner of Social Security*, 521 Fed. App'x. 29, 33-34 (2d Cir. 2013) (summary order) (noting that while 20 C.F.R. §§ 404.1513(b)(6), 416.913(b)(6) state that the Commissioner "will request a medical source statement" from a claimant's treating physician, lack of such a medical source statement does make the report incomplete)).  Upon reviewing the record in this case, the court finds that this is not a case where the absence of a medical source statement from Plaintiff's treating physician renders the record incomplete, because physical examinations show Plaintiff able to complete activities of daily living despite his asserted depression.  In particular, on May 9, 2013, during a consultative internal examination with John Schwab, D.O. ("Dr. Schwab"), Plaintiff reported activities of daily living that include cooking and cleaning twice weekly, weekly shopping and laundry, listening to the radio, reading, and socializing with friends.  (R. 218).  On February 10, 2015, Plaintiff's medication review with Cleve-Hill did not include medication to treat depression (R.

304), and Plaintiff did not receive regular treatment or counseling for depression or anxiety. On February 23, 2015, N.P. LaRocque noted that Plaintiff reported feeling depressed after the death of his brother and Plaintiff's cardiovascular health (R. 366), but assessed Plaintiff with a mildly dysthymic (depressed) mood, regular speech, goal directed thought content, grossly intact memory, and good insight and judgment, and also noted that Plaintiff did not meet the criteria for a major depressive disorder and diagnosed Plaintiff with adjustment disorder with mixed depression, anxiety and mood disorder from Plaintiff's medical condition, rule out anxiety disorder, and started Plaintiff on a trial of Zoloft to treat Plaintiff's depressive symptoms. (R. 370-71). Historical clinical findings in the record indicate that Plaintiff's coronary artery disease, diabetes mellitus, joint pain and high blood pressure were also controlled with medication (R. 288-89, 335). The court therefore finds that the ALJ had no further obligation to supplement the record by acquiring a medical source statement from one of Plaintiff's treating physicians directed solely at Plaintiff's alleged depression and the ALJ's residual functional capacity assessment that Plaintiff was able to return to Plaintiff's past relevant work as Director of Plant Operations, skilled work at a light level of exertion, is therefore supported by substantial evidence in the record. Plaintiff's motion on this issue is denied.

**Treating physician rule**

The Act requires ALJs to grant significant weight to treating physician opinions supported by medical evidence in the record, and requires that treating physician opinions be granted "controlling weight" when the opinion is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other

substantial evidence in the case record." 20 C.F.R. § 404.1527(d)(2). Treating physician opinions are not determinative, and granted controlling weight only when they are not inconsistent with other controlling evidence. 20 C.F.R. § 404.1527(d); *Halloran v. Barnhart,* 362 F.3d 28, 32 (2d Cir. 2004) (citing *Veino v. Barnhart,* 312 F.3d 578, 588 (2d Cir. 2002)).

In this case, the ALJ afforded more weight to the opinion of consultative examiner Dr. Schwab than to the opinion of Dr. Glover, Plaintiff's treating physician at Cleve-Hill who, upon completing a Medical Report for Determination of Disability on October 24, 2013, noted Plaintiff was limited to lifting and carrying less than 10 pounds in an eight-hour day, standing or walking less than two hours and sitting up to six hours in an eight-hour day, and that Plaintiff was limited in his ability to stoop and bend. (R. 16). Plaintiff contends that the ALJ erred because the ALJ's residual functional capacity assessment of Plaintiff was more closely aligned with the opinion of Dr. Glover, yet the ALJ without providing good reason, afforded less weight to Dr. Glover's opinion than the consultative opinion of Dr. Schwab, which the ALJ afforded more weight. Plaintiff's Memorandum at 11-13. As indicated in the foregoing, Discussion, *supra*, at 10-11, substantial evidence supports the ALJ's residual functional capacity assessment of Plaintiff and Dr. Schwab's finding that Plaintiff had no restrictions to work. (R. 220). Moreover, nothing in the record indicates that that Dr. Glover treated Plaintiff on more than one occasion (R. 222), and the Commissioner alone has the responsibility for determining Plaintiff's ultimate status of disability. *See* 20 C.F.R. § 416.927(a)(2); 20 C.F.R. § 404.1527(d)(1). On this record, the ALJ did not violate the treating physician rule and Plaintiff's motion on this issue is thus without merit.

Plaintiff's further contention, Plaintiff's Memorandum at 24, that the ALJ failed to properly weigh the opinion of Dr. Glover is also without merit. In this case, the ALJ noted Dr. Glover's Medical Report for Determination of Disability completed on October 24, 2013 (R. 15), and that no treatment notes were provided to support Dr. Glover's findings on Plaintiff's ability to walk, stand, sit, carry and lift. *Id.* Contrary to Plaintiff's assertion otherwise, the ALJ thus properly afforded less weight to the opinion of Dr. Glover. Plaintiff's motion on this issue is denied.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion (Doc. No. 12) is DENIED; Defendant's motion (Doc. No. 15) is GRANTED. The Clerk of Court is ordered to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: July 16, 2018
          Buffalo, New York